![Stafford Rosenbaum LLP Attorneys]

Jeffrey A. Mandell
222 West Washington Avenue, Suite 900
P.O. Box 1784
Madison, WI 53701-1784
JMandell@staffordlaw.com
608.210.6303

May 25, 2023

Christopher G. Conway, Clerk of Court
Office of the Clerk
United States Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street
Chicago, IL 60604

    Re:    *Feehan v. Evers*, No. 22-2704 (oral argument scheduled May 31, 2023)
             Response to Appellee's May 22, 2023 Rule 28(j) Letter

Dear Mr. Conway:

Feehan's reliance on the summary judgment order in *Commission for Lawyer Discipline v. Powell*, Cause No. DC-22-02562 (Tex. 116th Jud. Dist. Feb. 22, 2023), is misplaced.

As that order makes clear, the outcome was necessitated by "numerous defects in the Commission's exhibits" that reduced the summary judgment record to only one piece of evidence—a pleading that the court considered solely for "the fact that such pleading was filed by Powell and others." *Id.* at 2-3. On that bare record—with no evidence about whether the pleading was filed in good faith—the Commission's claims could not survive summary judgment. The *Powell* decision sheds no light whatsoever on whether—based upon a record containing more than a single pleading—the district court could impose sanctions under 28 U.S.C. § 1927 and its inherent authority. The district court should be allowed to consider the issue on remand.

Feehan's letter indicates that the *Powell* order is "'final' for res judicata" purposes, but for good reason, it does not argue that res judicata applies here. State disciplinary proceedings do not limit federal courts' authority to address attorney misconduct. *See Theard v. United States*, 354 U.S. 278, 281 (1957) (explaining that state and federal courts possess "autonomous control over the conduct of their officers"). And, even if state disciplinary proceedings could theoretically trigger res judicata here, the doctrine's requirements are not met in this instance. Governor Evers was not a party to *Powell*, nor could he have sought in the Texas state-court disciplinary proceedings, under 28 U.S.C. § 1927 and that court's inherent authority, reimbursement of Wisconsin taxpayer funds expended on attorney fees in defending this case in federal court in Wisconsin. *See Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619 S.W.3d 699, 706 (Tex. 2021) (explaining res judicata's separate requirements of the identity of parties and claims that "were raised or could have been raised in the first action").

Madison Office
222 West Washington Avenue
P.O. Box 1784
Madison, Wisconsin
53701-1784
608.256.0226
888.655.4752
Fax 608.259.2600
www.staffordlaw.com

Milwaukee Office
1200 North Mayfair Road
Suite 430
Milwaukee, Wisconsin
53226-3282
414.982.2850
888.655.4752
Fax 414.982.2889
www.staffordlaw.com

May 25, 2023
Page 2

Respectfully submitted,

STAFFORD ROSENBAUM LLP

*[signature]*

Jeffrey A. Mandell

JAM:vle
cc:　　Counsel of record (via CM/ECF)