**SIDNEY POWELL P.C.**
2911 Turtle Creek Blvd. Suite 300
Dallas, Texas 75219
*Federal appeals in complex litigation*
Sidney@FederalAppeals.com

July 21, 2023

Christopher G. Conway, Clerk of Court
Office of the Clerk
United States Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street
Chicago, IL 60604

    RE:  Reply to Appellant Evers' FRAP 28(j) for *Feehan v. Evers*, No. 22-2704 (argued May 31, 2023).

Dear Mr. Conway:

The Sixth Circuit's opinion in *King v. Whitmer,* Doc. 52, is irrelevant to the issue of jurisdiction that controls this case. As Mr. Evers concedes in his letter of July 13, 2023, the *King* opinion "does not expressly address jurisdiction." Doc. 52 at 1.

*King* is distinguishable because Detroit had filed a Rule 11 motion, and parties made initial requests for sanctions while the case was still pending in the district court.[1] The appeal was interlocutory.

Here, there was nothing pending before the district court. The parties and this Court had long agreed there was no subject matter

---

[1] On December 22, 2020, Davis filed a motion for sanctions (*King*, ECF No. 69). On December 22, 2020, Detroit filed a motion to dismiss and for sanctions (*Id.* at ECF No. 73). On January 5, 2021, Detroit filed a motion for sanctions, for disciplinary action, for disbarment referral and for referral to state bar disciplinary bodies (*Id.* at ECF No. 78). Plaintiff's notice of voluntary dismissal was filed on January 14, 2021 (*Id.* at ECF Nos. 86-92).

1

jurisdiction; mandate had issued, and nothing remained pending before the district court.

Thus, the *King* panel opinion—even in its failure to address jurisdiction—complies with the Supreme Court's decision in *Willy v. Coastal Corp.*, 503 U.S. 131 (1992)[2] and this Court's decision in *Overnite Transp. Co. v. Chi. Indus. Tire Co.*, 697 F.2d 789 (7th Cir. 1983), pursuant to which the district court may consider sanctions issues raised while the district court has jurisdiction and may resolve pending motions.

Moreover, significant errors in the *King* panel opinion warrant rehearing. The Rule 11 "notice" on which the Sixth Circuit premised its affirmance of Rule 11 sanctions was legally insufficient; plaintiffs dismissed within any applicable safe harbor; and, the Sixth Circuit properly found there was no improper purpose in filing the lawsuit, and at least two claims were valid. The district court found many defects of which counsel had *no notice* at the same time the court denied counsel any opportunity to present witnesses in their defense. This is plain error. *Indah v. U.S. S.E.C.*, 661 F.3d 914, 929 (6th Cir. 2011) (sanctions cannot be imposed for conduct not identified by party). For more detail, the Petition for Rehearing En Banc may be read at https://tinyurl.com/yc3mdvs4.

                                        Sincerely,

                                        */s/ Sidney Powell*

                                        Sidney Powell

---

[2] In *Willy*, the Court held that a court of appeals' later determination that a district court did not have jurisdiction does not truncate the district court's ability to impose Rule 11 sanctions for conduct before it. It was a Rule 11 case that had a motion pending when the matter was before the district court.

2